2022 IL App (1st) 220536-U

No. 1-22-0536

Order filed December 30, 2022

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| *In Re* MARRIAGE OF | ) | Appeal from the Circuit |
| | ) | Court of Cook County. |
| RICHARD LIPPERT, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | No. 14 D 6808 |
| | ) | |
| v. | ) | |
| | ) | |
| JEANNE LIPPERT, | ) | Honorable |
| | ) | Michael Forti, |
| Respondent-Appellee. | ) | Judge, Presiding. |

JUSTICE MARTIN delivered the judgment of the court.
Justices Hoffman and Rochford concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We affirm the trial court's order where the modification of the parties' allocation of decision-making responsibilities was not against the manifest weight of the evidence.

¶ 2    Petitioner Richard Lippert (Richard) appeals from the trial court's April 20, 2022 order granting Respondent Jeanne Lippert's (Jeanne) Petition for Temporary Relief. The trial court allocated to Jeanne sole decision-making authority regarding the parties' three minor children receiving COVID-19 vaccinations, boosters, and any other future COVID-19 preventative

treatments in accordance with the Centers for Disease Control and Prevention's (CDC) guidelines. Richard appeals, contending that the trial court (1) erred when it accepted and relied upon the minor's pediatrician's hearsay testimony and the CDC's COVID-19 Vaccination Guidelines, and (2) erroneously granted Jeanne's Petition for Temporary Relief where she failed to satisfy her burden of proof. For the following reasons, we affirm the circuit court's judgment.[1]

¶ 3                                    I. JURISDICTION

¶ 4        On April 20, 2022, the trial court granted Jeanne's petition for temporary relief. The court stayed the order until April 21, 2022 at 9 a.m. to allow Richard to file a notice of appeal. Richard timely filed a notice of appeal and emergency motion with the appellate court to stay the trial court's order. Richard argues this court has jurisdiction pursuant to Illinois Supreme Court Rule 303 (eff. July 1, 2017), which governs appeals from final judgments of a circuit court in civil cases. A reviewing court always has an independent duty to consider its own jurisdiction. *Johansson v. Glink*, 2021 IL App (1st) 210297, ¶ 35. Having done so, we determine this court has jurisdiction to consider this matter pursuant to Illinois Supreme Court Rule 304(b)(6) (eff. Mar. 8, 2016), which allows for appeals in custody or allocation of parental responsibilities judgments or modifications without the Ill. S. Ct. R. 304(a) requirement for special findings.

¶ 5                                    II. BACKGROUND

¶ 6        Jeanne and Richard Lippert were married on August 7, 2004. Three children were born during their marriage, minors R.L., M.L., and G.L. In July 2014, Jeanne filed a petition for dissolution of marriage. On August 28, 2019, the trial court entered a judgment for dissolution of marriage and an Allocation of Parental Responsibilities Judgment (Allocation Judgment).

---

[1]In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order.

¶ 7      The Allocation Judgment, which set forth the distribution of decision-making and parenting responsibilities, allocated joint decision-making responsibilities to Jeanne and Richard for the minors' medical decisions.

¶ 8      On February 10, 2022, Jeanne filed a Petition for Temporary Relief, requesting the court grant her authority to have the COVID-19 vaccine administered to the parties' minor children.[2] Prior to this filing, Jeanne—believing Richard had agreed the two youngest children could be vaccinated—caused the parties' middle child to receive his first COVID-19 vaccination in October 2021. Once Richard learned of the minor's vaccination, he objected to the child receiving the second vaccine and objected to the youngest child receiving any COVID-19 vaccinations. Jeanne thereafter sought permission from the trial court to get the minor children fully vaccinated, in accordance with current CDC guidelines.

¶ 9      The trial court heard Jeanne's petition on April 20, 2022. Richard, called as a witness in Jeanne's case-in-chief, testified that he did not believe his two younger children should receive the COVID-19 vaccine. He testified that, a half-hour prior to the hearing, he and Jeanne spoke to his children's pediatrician, Doctor Sharma, over the telephone. Despite his counsel's continuous overruled objections, Richard testified that Dr. Sharma recommended the COVID-19 vaccination for all children. He assumed his children would be included in this recommendation, if the doctor's recommendation applied to "average children."

¶ 10     When questioned by his attorney, Richard testified his children were in excellent health and were not immunocompromised. Therefore, he opined that the COVID-19 vaccine was not in the best interests of his children, as the risks outweigh the benefits. Richard further attested that there is not a large risk that his children will contract COVID-19 and that, even if they were to,

---

[2]At the time of the filing, the children were 15, 12, and 11 years of age. The parties had previously agreed that their 15-year-old child could be vaccinated.

they would recover quickly. He additionally cited the newness of the vaccine and the fact that it was approved on an emergency basis as reasons supporting his opinion that his children should not be vaccinated. Richard, citing to "CDC studies" as his source, testified that he was aware that some children developed heart inflammation after receiving the COVID-19 vaccine. In response to this testimony, the trial court noted that it would take judicial notice that the CDC has endorsed children who are healthy to take the COVID-19 vaccinations. While Richard acknowledged this, he contended there were still potential adverse effects.

¶ 11 Additionally, Richard expressed concern regarding the mRNA technology used to develop the COVID-19 vaccine and explained he was unsure if the vaccine was effective or addressed the more current COVID-19 strains. Overall, Richard believed that children are less affected by COVID-19, less likely to contract it, and less likely to transmit it, and that they, therefore, do not need to be vaccinated against it. Lastly, he attested that the number of COVID-19 cases had recently decreased 90%, and stated he believed the vaccine was only 12% effective against the Omicron strain of COVID-19. On re-direct examination, Richard testified that he has received the COVID-19 vaccination. Richard explained he obtained the vaccine because he travels out-of-state for work and did not want his children to miss school, based on his understanding of the Cook County COVID-19 guidelines in effect at the time.

¶ 12 Jeanne testified similarly to Richard regarding their earlier telephone conversation with Dr. Sharma.[3] Jeanne stated that she thought it was in the children's best interest to vaccinate them because she trusts science and their doctor. She explained that, as Dr. Sharma has been the children's doctor since they were born and had never steered them wrong, she agrees with the doctor's opinion on the vaccine. Jeanne testified that she and Richard discussed whether the

---

[3]Counsel for Richard continued his objections to any testimony regarding Dr. Sharma's opinion on whether the children should be vaccinated; the trial court continued to overrule these persisting objections.

children should receive the vaccine several times over the previous year and attended a doctor's appointment in July 2021 where the vaccine was discussed. Following the appointment, and what she heard from Dr. Sharma, Jeanne wanted her two youngest boys to be vaccinated.

¶ 13    On cross-examination, Jeanne testified that, regardless of the recent downtrend in COVID-19 cases, she still believed it was in the best interests of the children to get vaccinated. She explained that she took their middle child to get his first COVID-19 vaccination in October of 2021 and subsequently learned that Richard was opposed to either of the two younger children receiving the vaccine. Jeanne stated that, despite the various increases and decreases in the number of cases reported, she has always wanted the children to get the vaccine, per their doctor's recommendation. She further testified that she cannot opine, as a layperson, on whether the children would be at serious risk should they contract COVID-19. Similarly, Jeanne refused to speculate on whether there was a risk of myocarditis from the vaccine, instead pointing to the fact that Dr. Sharma had never expressed concern to her over that possibility. Lastly, Jeanne reiterated that she trusts science and believes the benefits of the vaccine outweigh the risks.

¶ 14    Following arguments, the trial court ruled that Jeanne should be granted exclusive decision-making with respect to all three children regarding COVID-19. In explaining its ruling, the court noted that it appreciated Jeanne and Richard's individual inquiries but gave considerable weight to Dr. Sharma's opinion and the CDC recommendations. The court observed that "these are individuals that are devoted to science," and that science is subject to change based on data. Accordingly, the court did not find it surprising that the CDC occasionally adjusts their recommendations based on new data. The court further noted that it was not aware of any time at which any federal agency has advised not to vaccinate otherwise healthy children. While the court acknowledged there may be risks in virtually any medical situation, it found—based on Dr.

Sharma's opinion and the CDC recommendations—that the medical field has concluded that children should nonetheless be vaccinated. The trial court than stayed the ruling until April 21, 2022 at 9 a.m. to allow Richard to seek an emergency stay from the appellate court.

¶ 15      On the same day, Richard filed a notice of appeal and emergency motion with the appellate court to stay the trial court's order. A separate panel of this court granted Richard's motion. Jeanne did not file a response to Richard's Emergency Motion to Stay.

¶ 16                              II. ANALYSIS

¶ 17      On appeal, Richard argues that the trial court erred when it (1) accepted and relied upon (a) the minors' pediatrician's hearsay testimony and (b) the CDC's COVID-19 Vaccination Guidelines, and (2) granted Jeanne's Petition for Temporary Relief where she failed to satisfy her burden of proof that it was in the children's best interests to receive the COVID-19 vaccine. As an initial matter, we note that the respondent-appellee did not file a brief, and this court previously entered an order taking this appeal on the record and appellant's brief only. Pursuant to the standards set forth in *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 131 (1976), we find this matter easily decided in the absence of an appellee's brief and, therefore, we address the merits of Richard's appeal.

¶ 18                          A. Standard of Review

¶ 19      Section 610.5 of the Illinois Marriage and Dissolution of Marriage Act (Act) (750 ILCS 5/501) (West 2022) allows for modification of an allocation judgment or parenting plan:

> "when necessary to serve the child's best interests if the court finds, by a
> preponderance of the evidence, that on the basis of facts that have arisen since the
> entry of the existing parenting plan or allocation judgment or were not anticipated
> therein, a substantial change has occurred in the circumstances of the child or of

either parent and that a modification is necessary to serve the child's best interests."

750 ILCS 5/610.5(c) (West 2022).

Our supreme court has held "that '[a] trial court's determination of what is in the best interests of the child should not be reversed unless it is clearly against the manifest weight of the evidence and it appears that a manifest injustice has occurred.' " *Scott v. Haritos*, 2022 IL App (1st) 220074, ¶ 45 (quoting *In re Marriage of Eckert*, 119 Ill. 2d 316, 326 (1988)); see also *In re Marriage of Yabush*, 2021 IL App (1st) 201136, ¶ 28. A finding is against the manifest weight of the evidence only if the opposite conclusion is clearly evident or if the finding itself is unreasonable, arbitrary, or not based on the evidence presented. *People v. Sanchez*, 2021 IL App (3d) 170410, ¶ 25 (citing *People v. Deleon*, 227 Ill. 2d 322 (2008)); *In re Marriage of Yabush*, 2021 IL App (1st) 201136, ¶ 28. It is well established that we defer to the trier of fact since " 'the trial court is in a superior position to assess the credibility of witnesses and weigh the evidence,' " *In re Julian K.*, 2012 IL App (1st) 112841, ¶ 66. We will not substitute our judgment for that of the fact finder. *In re Marriage of Anderson*, 409 Ill. App. 3d 191, 199 (2011).

¶ 20                                 B. Dr. Sharma's Opinion

¶ 21          Richard first argues the trial court erred when it accepted and relied upon Dr. Sharma's opinion. Richard asserts that Dr. Sharma's recommendation was inadmissible hearsay and that the court improperly admitted it pursuant to the medical diagnosis or treatment exception contained in Illinois Rule of Evidence 803(4) (eff. March 24, 2022).

¶ 22          Here, both Richard and Jeanne testified—over Richard's counsel's copious objections— regarding the opinion Dr. Sharma expressed to them during their phone call with the doctor. Although the trial court initially expressed its opinion that it was unsure if Dr. Sharma's recommendation that the children should be vaccinated against COVID-19 was being offered for

the truth of the matter asserted, it later became clear that the court determined that Dr. Sharma's opinion was an out-of-court statement offered as proof of the matter asserted. We agree that Dr. Sharma's opinion was, by definition, hearsay. During the hearing, the trial court found that the doctor's recommendation fell under the hearsay exception in Rule 803(4).

¶ 23 Hearsay is an out-of-court statement offered to prove the truth of matter asserted. Ill. R. Evid. 801(c) (eff. Oct. 15, 2015); *People v. Buschauer*, 2022 IL App (1st) 192472, ¶ 78. Hearsay is not admissible except as otherwise provided by the various hearsay exceptions in the Illinois Rules of Evidence. Ill. R. Evid 802 (eff. Jan. 1, 2011). Rule 803 provides for hearsay exceptions that are not excluded by the hearsay rule, regardless of whether the declarant is available as a witness. Ill. R. Evid. 803. Specifically, the rule provides that "[s]tatements made for purposes of medical treatment, or medical diagnosis in contemplation of treatment, and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment" are not excluded by the hearsay rule. Ill. R. Evid. 803(4) (eff. March 24, 2022). However, the rule also instructs that statements made to a health care provider who has been consulted solely for the purpose of preparing for litigation or obtaining testimony for trial are not allowed under the exception. Ill. R. Evid. 803(4). Whether a statement constitutes hearsay is a legal issue, and consequently, "a trial court's determination that a particular statement is hearsay is subject to a *de novo* standard of review." *Jackson ex rel. Jackson v. Reid*, 402 Ill. App. 3d 215, 237 (2010).

¶ 24 In this case, Dr. Sharma's opinion regarding whether the children should be vaccinated was not a statement made *to* a medical provider for purposes of medical diagnosis or treatment. Rather, it was a statement made *by* a medical provider advising a patient of her opinion on a particular treatment option. See, *e.g.*, *People v. Kinnerson*, 2020 IL App (4th) 170650 ¶ 50 (citing several

cases that discuss when a *patient's* statements *to* a doctor are properly considered exceptions to the hearsay rule).

¶ 25 Additionally, it is clear from the record that the relevant conversation between Dr. Sharma, Richard, and Jeanne occurred at the request of the trial court. The trial court requested the parties consult with the doctor in the hopes that they could reach an agreement regarding the children's vaccinations. Therefore, it is arguable that her opinion was obtained solely for the purpose of preparing for the upcoming hearing on Jeanne's petition. Consequently, even assuming, *arguendo*, that Dr. Sharma's opinion fell within rule 803(4), it would be excluded from the exception. Accordingly, we hold that the trial court improperly accepted the hearsay testimony of Dr. Sharma.

¶ 26 " '[T]he erroneous admission of hearsay evidence is harmless error where it is merely cumulative of other, properly admitted, evidence in the record.' " *In re A.S.*, 2020 IL App (1st) 200560, ¶ 28 (quoting *In re Zariyah A.*, 2017 IL App (1st) 170971, ¶ 90. In this case, while the court erroneously gave "considerable weight" to Dr. Sharma's opinion, it also—as detailed below—properly considered the CDC's vaccination guidelines in reaching its ruling. As Dr. Sharma's opinion was cumulative of the recommendations contained within the CDC's guidelines, we find that the court's improper admission of Dr. Sharma's opinion was harmless error.

¶ 27 C. CDC COVID-19 Vaccination Guidelines

¶ 28 Next, Richard contends that the trial court erred when it *sua sponte* accepted and relied upon the CDC's COVID-19 vaccination guidelines, over his numerous objections. Richard maintains that the CDC's recommendations are hearsay opinions that were improperly admitted

pursuant to the public records hearsay exception contained in Illinois Rule of Evidence 803(8) (eff. March 24, 2022).

¶ 29    Contrary to Richard's contentions, the trial court—in its oral ruling—specifically stated that it was taking "judicial notice of the Center for Disease Control and their recommendations." While the trial court had previously mentioned the public records hearsay exception contained in Illinois Rule of Evidence 803(8), it explicitly noted in its ruling that it was taking judicial notice of the CDC's vaccine recommendations. It is well settled that a court may take judicial notice of information on a government website. See *Krewionek v. McKnight*, 2022 IL App (2d) 220078, ¶ 36 (noting that courts may take judicial notice of legal authority recognizing that the COVID-19 vaccines are intended to prevent the contraction and transmission of COVID-19 and specifically citing to information on the CDC website); *Ashley v. Pierson*, 339 Ill. App. 3d 733, 739-40 (2003) (observing the court may take judicial notice of information on a government website). See also *People v. Jackson*, 2016 IL App (1st) 143025, n. 6 (reversed on other grounds pursuant to supervisory order in *People v. Jackson*, No. 121527) (citing to statistics from the CDC and taking judicial notice of the CDC website); *Leach v. Department of Employment Security*, 2020 IL App (1st) 190299, ¶ 44 (noting the CDC is a federal agency under the United States Department of Health and Human Services and acknowledging the court may take judicial notice of information on official governmental websites); *People v. Aquisto*, 2022 IL App (4th) 20081, ¶ 90 (stating that courts are allowed to take judicial notice of information from the CDC, but declining to do so where the cited materials were not presented to the trial court).

¶ 30    Correspondingly, we find it was appropriate for the trial court to take judicial notice of the CDC's COVID-19 Guidelines for 2022 and its recommendations that healthy children should receive the COVID-19 vaccination.

¶ 31                              D. Petition for Temporary Relief Ruling

¶ 32          Lastly, Richard claims the trial court erred in granting Jeanne's Petition for Temporary Relief where Jeanne failed to prove it was in the best interests of the children to allocate full COVID-19 decision-making authority to Jeanne. In arguing that the court erred, Richard emphasizes that the trial court relied upon Dr. Sharma's opinion and the CDC's recommendation in allocating sole decision-making authority to Jeanne. Therefore, he contends, the trial court was not persuaded by either party's opinions regarding the best interests of the children and instead impermissibly relied completely on non-admissible hearsay evidence. Here, there is no disagreement that a substantial change in circumstances—a global-wide pandemic—occurred since the entry of the Allocation Judgment. Rather, Richard disputes that the trial court's judgment was in the best interests of his children. Consequently, we address the trial court's finding that it was in the best interests of the children to modify the Allocation Judgment to give Jeanne sole-decision making responsibilities regarding COVID-19.

¶ 33          As aforementioned, unless a trial court's ruling on the allocation of decision-making responsibilities is against the manifest weight of the evidence, we will not disturb it. *Scott v. Haritos*, 2022 IL App (1st) 220074, ¶ 45.While the trial court must consider all relevant factors in determining what is in the best interests of the minor, 750 ILCS 5/610.5(c) (West 2022), it is not required "to make explicit findings on each factor, nor is it required to refer to every factor." *Jameson v. Williams*, 2020 IL App (3d) 200048, ¶ 47.

¶ 34          The trial court heard testimony from two parents in obvious disagreement regarding the safety and efficacy of the COVID-19 vaccine for their two younger children. Richard testified that his opinion was supported by various research he conducted regarding mRNA vaccines and the rates of COVID-19 transmission. Jeanne testified her opinion was based upon the children's

pediatrician's recommendation, and her belief in science and the benefits of the vaccine. The trial court considered both parties' opinions and expressed its disappointment that the parties were unable to come to an agreement prior to the hearing. Thereafter, the court acknowledged it was taking its direction from the CDC's recommendations and Dr. Sharma's opinion. As previously discussed, the trial court properly relied upon the CDC's vaccination recommendation and its reliance on Dr. Sharma's opinion, while improper, was harmless error. Even without taking Dr. Sharma's hearsay opinion into consideration, the CDC vaccine recommendations alone constituted sufficient evidence presented for the court to determine it was in the best interests of the children that Jeanne be given exclusive decision-making responsibility regarding COVID-19 vaccinations. Furthermore, Jeanne's testimony alone was enough to support the trial court's determination. Under the deferential standard of review applicable in this case, we may affirm the trial court's ruling if there is any basis in the record to support its findings. See *In re Custody of G.L.*, 2017 IL App (1st) 163171, ¶ 24. Under the facts of this case, we hold that the trial court's ruling regarding allocation of COVID-19 decision-making responsibilities is not against the manifest weight of the evidence.

¶ 35                                    III. CONCLUSION

¶ 36        For the foregoing reasons, we affirm the judgment of the circuit court

¶ 37        Affirmed.